```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


AGNES RUTH DAIGLE SAIA                    CIVIL ACTION

VERSUS                                    NO: 11-776

PIZZA HUT OF AMERICA, INC.,               SECTION: J (5)
AND PIZZA HUT, INC.
```

### ORDER AND REASONS

Before the Court are Defendants Pizza Hut of America, Inc., as successor-in-interest to Pizza Hut of Louisiana, Inc., and Pizza Hut, Inc.'s, **Motion to Dismiss or, Alternatively, for Summary Judgment (Rec. Doc. 16)** and Plaintiff Agnes Ruth Daigle Saia's **Memorandum in Opposition (Rec. Doc. 18)**. The Court heard oral argument recently on this motion and took the matter under advisement.[1]

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case involves a dispute over the applicability of a guaranty agreement to a commercial lease. Plaintiff's Complaint arises out of a lease of property located at 1532 Gause Boulevard in Slidell, Louisiana ("the Leased Property"), on which a Pizza Hut restaurant was operated until January 2011. On September 18, 1975, Plaintiff and her now-deceased husband (Lessors) entered into a Lease Agreement ("the 1975 Lease") for the Leased Property

---

[1] During oral argument, the Court inquired as to the relationship between Pizza Hut of America and Pizza Hut, and counsel for Defendants indicated that the two entities are one in the same, or at least can be treated as such for purposes of this motion.

with Pizza Hut of Louisiana to operate a Pizza Hut restaurant. The original term of the 1975 Lease was for twenty years, with two automatic renewal periods of five years each.  Thus, the total term of the 1975 Lease was for thirty years, which was to begin on March 1, 1977, and end on March 1, 2007.  At the time of the execution of the 1975 Lease, Pizza Hut, the parent company of Pizza Hut of Louisiana, executed a Guaranty with respect to the obligations of Pizza Hut of Louisiana as the Lessee under the 1975 Lease.

Pizza Hut of Louisiana began operating a Pizza Hut restaurant on the Leased Property, as described in the 1975 Lease, and at some point became Pizza Hut of America.  Then on January 22, 1992, Pizza Hut of America notified Plaintiff in a letter that it was selling all of its Pizza Hut restaurants in the New Orleans area (including the restaurant on the Leased Property) to Lundy Enterprises, Inc. ("Lundy Inc."), a Pizza Hut franchisee.  Pizza Hut of America assigned its obligations under the 1975 Lease to Lundy Inc., and such assignment was allowed under the provisions of the 1975 Lease.  Pizza Hut of America also advised Plaintiff in the letter that Pizza Hut would remain liable as Guarantor for Lundy Inc.'s obligations under the 1975 Lease, and Pizza Hut agreed to remain liable as Guarantor of Lundy Inc.

After this assignment from Pizza Hut of America to Lundy

Inc., Lundy Inc. began operating the Pizza Hut restaurant on the Leased Property.  On March 4, 1998, Lundy Inc. assigned its obligations under the 1975 Lease to Lundy Enterprises, LLC ("Lundy LLC"), and Larry Lundy agreed to personally guarantee Lundy LLC's obligations under the 1975 Lease.  At the same time, Lundy LLC granted a mortgage on the Leased Property in favor of Whitney National Bank, and Plaintiff and Whitney entered into a Lessor Agreement.  There is no documentation that Pizza Hut—as Guarantor of Lundy Inc.'s obligations under the 1975 Lease after the assignment from Pizza Hut of America—agreed to the assignment from Lundy Inc. to Lundy LLC or expressly agreed to guarantee Lundy LLC's obligations under the 1975 Lease.  During oral argument on the instant motion, the Court inquired as to the relationship between Lundy Inc. and Lundy LLC and was informed that they were both created by Larry Lundy, who likely restructured his business from a corporation to an LLC for tax purposes.

    The twenty-year lease term of the 1975 Lease ended on March 1, 1997, at which time the two five-year automatic extension periods began in March 1997 and March 2002.  Plaintiff executed an Extract of Lease for each of these automatic extension periods with the applicable Lessee of the 1975 Lease, which was Lundy Inc. at first and then became Lundy LLC after the March 1998 assignment described above.

3

On March 1, 2007, the original thirty-year term of the 1975 Lease expired, and on that date Plaintiff and Lundy LLC executed an Amendment to the Lease Agreement as Lessor and Lessee in order to extend the terms of the 1975 Lease for another three years until February 28, 2010.  Then on March 1, 2010, Plaintiff and Lundy LLC executed a Second Amendment to the Lease Agreement as Lessor and Lessee in order to extend the terms of the 1975 Lease for another three years until February 28, 2013.  There is no documentation or evidence related to either of these Amendments that Defendants agreed to the Amendments or agreed to guarantee Lundy LLC's obligations under the extended provisions of the 1975 Lease.

On April 8, 2011, during the time period referenced in the Second Amendment to the Lease described above, Plaintiff filed suit in this Court claiming that Lundy LLC, as Lessee, failed to make rental payments since December 2010, failed to pay taxes on the Leased Property in 2010, failed to maintain property insurance on the Leased Property, and failed to report sales since 2000 in order to determine the outstanding rents owed to Plaintiff, all in violation of the 1975 Lease.  Plaintiff seeks to hold Defendants liable as Guarantors of Lundy LLC's obligations under the 1975 Lease because Lundy LLC filed for bankruptcy under Chapter 11 of the Bankruptcy Code in 2001. Defendants have filed a Motion to Dismiss or, Alternatively, for

Summary Judgment (Rec. Doc. 16), and Plaintiff opposes the motion.

## THE PARTIES' ARGUMENTS

Defendants argue that they are not liable as Guarantors for the obligations of Lundy LLC under the 1975 Lease. The Guaranty executed by Pizza Hut on September 18, 1975, does not extend beyond the original thirty-year term of the 1975 Lease, which ended on March 1, 2007, and Defendants did not agree to the Amendments executed by Plaintiff and Lundy LLC to extend the terms of the 1975 Lease until 2013. Furthermore, the Guaranty executed by Pizza Hut on September 18, 1975—for Pizza Hut of Louisiana's obligations under the 1975 Lease and extended to Lundy Inc. through consent—did not remain effective after the assignment from Lundy Inc. to Lundy LLC on March 4, 1998, without Pizza Hut's consent.

Plaintiff argues that her Complaint adequately states a claim for relief and that material issues of fact remain that preclude summary judgment. Plaintiff states that Pizza Hut agreed to act as Guarantor to the 1975 Lease on September 18, 1975, the 1975 Lease has remained in effect since that time, the terms of the 1975 Lease have been breached by Lundy LLC, and now Defendants are liable as Guarantors for Lundy LLC's actions. Furthermore, Plaintiff argues that genuine issues of fact remain regarding whether Defendants tacitly approved, affirmed, or

ratified the Amendments to the 1975 Lease and the extension of the accompanying Guaranty.  Finally, Plaintiff requests that if the Court finds that her Complaint does not state a claim for relief, then she be given the opportunity to amend it under Federal Rule of Civil Procedure 15.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  The allegations "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker

v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). A court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Louisiana Civil Code article 3035 defines suretyship as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." LA. CIV. CODE art. 3035. A contract of guaranty is "equivalent to a contract of suretyship, and the two terms may be used interchangeably." Keller Indus., Inc. v. Deauville Consultants, Inc., 459 So. 2d 636, 638 (La. App. 5 Cir. 1984). Although a contract of suretyship does not have to meet technical formalities, it is a formal agreement that "must be express and in writing" and "contain an absolute expression of an intent to be bound." LA. CIV. CODE art. 3038; Keller Indus., 459

So. 2d at 638; see also Guaranty Bank & Trust Co. v. Jones, 489 So. 2d 368, 370 (La. App. 5 Cir. 1986). Accordingly, "[p]arol evidence may not be used to establish . . . a suretyship," and courts "can only consider the 'written agreement' involved . . . in order to determine if a suretyship relationship or a continuing guaranty exist[s] . . . ." Keller Indus., 459 So. 2d 638; see also Guaranty Bank & Trust, 489 So. 2d at 371.

In describing the termination of a contract of suretyship, the Louisiana Civil Code states that "[t]he extinction of the principal obligation extinguishes the suretyship." LA. CIV. CODE art. 3059. Moreover, the Louisiana Civil Code provides for the termination of a contract of suretyship through modification or amendment of the principal obligation as follows:

> The modification or amendment of the principal obligation, or the impairment of real security held for it, by the creditor, in any material manner and without the consent of the surety, . . . [causes] [a] commercial surety . . . [to be] extinguished to the extent the surety is prejudiced by the action of the creditor, unless the principal obligation is one other than the payment of money, and the surety should have contemplated that the creditor might take such action in the ordinary performance of the obligation. The creditor has the burden of proving that the surety has not been prejudiced or that the extent of the prejudice is less than the full amount of the surety's obligation.

LA. CIV. CODE art. 3062.

In this case, Plaintiff asserts claims against Defendants in two relevant time periods. During the original thirty-year term of the 1975 Lease, Plaintiff alleges that Lundy LLC, as Lessee,

failed to report sales since 2000 in order to determine the outstanding rents owed to Plaintiff.  Second, after the original thirty-year term of the 1975 Lease and during the time period contemplated by the Amendments to the 1975 Lease, Plaintiff alleges that Lundy LLC, as Lessee, failed to make rental payments since December 2010, failed to pay taxes on the Leased Property in 2010, and failed to maintain property insurance on the Leased Property.  The Court will consider the claims within each of these relevant time periods separately.

Regarding Plaintiff's failure to report sales claim during the original thirty-year term of the 1975 Lease, the Court finds that Plaintiff has adequately alleged facts to state a claim for relief in order to survive dismissal under Rule 12(b)(6).  This claim against Defendants arose during the original thirty-year term of the 1975 Lease—between 2000 and March 1, 2007—for which Pizza Hut expressly agreed in writing on September 18, 1975, to act as Guarantor.  The facts and allegations in Plaintiff's Complaint, as well as reasonable inferences therefrom, indicate that Pizza Hut executed an express, written agreement to act as Guarantor during the original thirty-year term of the 1975 Lease, that Lessee Lundy LLC breached its obligations under the 1975 Lease, and that this breach occurred during the original thirty-year term of the 1975 Lease.  These factual allegations meet the standard required to survive dismissal under Rule 12(b)(6).

Defendants argue in the alternative that if Plaintiff's claim for failure to report sales survives dismissal under Rule 12(b)(6), then it should be dismissed on summary judgment as a matter of law because Pizza Hut's obligation as Guarantor was terminated under Civil Code article 3062 on March 4, 1998, when Lundy Inc. assigned its obligations under the 1975 Lease to Lundy LLC without Pizza Hut's consent.  Defendants claim that this assignment without consent was a modification of the principal obligation, which caused the suretyship to be extinguished before the natural expiration of the original thirty-year term of the 1975 Lease.

With respect to this alternative argument for summary judgment by Defendants, the Court finds that genuine issues of material fact remain regarding Plaintiff's failure to report sales claim that preclude summary judgment at this time.  As described above, Civil Code article 3062 provides that a modification or amendment of the principal obligation extinguishes a commercial suretyship, but only to the extent that the surety is prejudiced.  LA. CIV. CODE art. 3062.  During oral argument, counsel for Defendants admitted that the suretyship at issue in this case is a commercial suretyship, so the modification of the principal obligation caused by the assignment of the 1975 Lease from Lundy Inc. to Lundy LLC without Pizza Hut's consent only extinguishes Defendants' suretyship obligation

10

to the extent they were prejudiced. Whether or not Defendants were prejudiced, and to what extent, is still a genuine issue of fact that precludes summary judgment on Plaintiff's failure to report sales claim.

Regarding Plaintiff's claims arising after the expiration of the original thirty-year term of the 1975 Lease, the Court finds that Plaintiff has failed to plead enough facts to state a claim for relief because Plaintiff has not adequately alleged in her Complaint that Defendants expressly agreed to act as Guarantors during that period of time. Plaintiff does not allege specific facts to establish Defendants' clear and absolute expression of intent to be bound after the original thirty-year term of the 1975 Lease and during the Amendments of 2007 and 2010, which were executed by different parties than the original 1975 Lease and 1992 letter of assignment to Lundy Inc. Plaintiff's conclusory allegations and references to the lack of language in the 2007 and 2010 Amendments that Defendants will *not* continue to be bound as Guarantors are not sufficient to establish a cause of action based on the principles of suretyship.

The Court finds that any amendment to the Complaint under Rule 15 would be futile because the documentation needed by Plaintiff to establish a cause of action does not exist. The only express, written intent to be bound as Guarantor exists between Pizza Hut and Lessees Pizza Hut of Louisiana—which later

11

became Pizza Hut of America—and Lundy Inc., and only for the original thirty-year term of the 1975 Lease.  Any amendment to the Complaint will not be able to allege the express, written consent of Defendants needed to support a cause of action based on the principles of suretyship for Lundy LLC's breach of the 1975 Lease that occurred after the expiration of the original thirty-year term of that lease.

Counsel for Plaintiff contended in oral argument that Pizza Hut's express, written intent to act as Guarantor for the original thirty-year term of the 1975 Lease can be extended to the time periods encompassed by the 2007 and 2010 Amendments through implied consent or tacit approval of the Amendments. Counsel for Plaintiff argued that this implied consent or tacit approval stems from the fact that Lessee Lundy LLC continued to operate the Pizza Hut restaurant on the Leased Property during the time period encompassed by the Amendments and that Pizza Hut knew about this continued operation and received payments during this time period through its franchise agreement with Lundy LLC. The Court, however, does not find these arguments persuasive given the relevant Civil Code articles and case law on suretyship described above.

In <u>Southern Fleet Leasing Corporation v. Airline Builders Service, Inc.</u>, the court dealt with the validity of a suretyship agreement for a contract of lease where the original one-year

12

term had expired and the parties to the lease decided to exercise the option of continuing the lease on a month-to-month basis without the consent of the surety.  136 So. 2d 458, 459-61 (La. App. 1 Cir. 1961).  The court found that contracts of suretyship are accessory obligations that must be strictly construed; therefore, the continuation of the lease on a month-to-month basis without the consent of the surety after the expiration of the original contract term discharged the obligation of the surety.  Id. at 461-62.  Importantly, the court in Southern Fleet Leasing did not discuss the possibility of implied or tacit consent by the surety to the month-to-month extension of the expired lease term, and this Court has found no case law to support Plaintiff's argument on the issue.

Given the substantially similar factual scenario between Southern Fleet Leasing and the instant matter and the clearly drafted Civil Code articles on suretyship, the Court finds that Pizza Hut's consent to the 2007 and 2010 Amendments had to be done expressly and in writing, not impliedly or tacitly. Therefore, amendment to Plaintiff's Complaint under Rule 15 would be futile.  Moreover, even if Plaintiff's Complaint, as is or amended, were sufficient to survive dismissal under Rule 12(b)(6), the Court finds that Plaintiff's claims should be dismissed on summary judgment, as argued in the alternative by Defendants, for these same reasons.  There are no genuine issues

of material fact regarding the lack of an express, written consent by Pizza Hut to the 2007 and 2010 Amendments, so Plaintiff is not entitled to relief on her claims arising after the original thirty-year term of the 1975 Lease as a matter of law.

Accordingly, **IT IS ORDERED** that Defendants Pizza Hut of America, as successor-in-interest to Pizza Hut of Louisiana, and Pizza Hut's **Motion to Dismiss or, Alternatively, for Summary Judgment (Rec. Doc. 16)** is hereby **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** with respect to Plaintiff's claims arising after the expiration of the original thirty-year term of the 1975 Lease, and the motion is **DENIED** with respect to Plaintiff's claims arising during the original thirty-year term of the 1975 Lease.

New Orleans, Louisiana, this 15th day of July, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT